IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION



| | |
|---|---|
| ANGELA M. STITES<br>Petitioner,<br><br>v.<br><br>WARDEN,<br>Dayton Correctional Institution,<br>Respondent. | CASE NO. 1:21CV224<br><br>Judge Dlott<br><br>Magistrate Judge Litkovitz<br><br>HABEAS CORPUS |

### REPLY TO RESPONDENT'S ANSWER/RETURN OF WRIT

Now comes Petitioner, Pro se, and hereby denies each of the allegations made by the Respondent, Warden, Dayton Correctional Institution (hereinafter "Respondent"). Stites brought this action seeking a writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Hereinafter, Petitioner shows cause why the writ should be issued.

    Due to lack of mailroom staff at Dayton Correctional Institution, the mail delivery is more than one (1) week behind (including Legal Mail), therefore making it difficult to meet the 21-day reply deadline this court has mandated. Additionally, it is unsure if this reply will be received before the 21-day deadline, so Petitioner is forced to send this reply early in order to ensure timely deliver in the event that outgoing mail is delayed as well. These limitations have impacted Petitioner's ability to reply as thoroughly and necessary considering the seriousness of this matter.

Respectfully Submitted,

*Angela M. Stites* 8-22-21
Angela M. Stites, Pro Se
Dayton Correctional Institution
4104 Germantown Pike
Dayton, Ohio 45417

A. **RESPONDENT'S CLAIMS THAT PETITIONER FAILED TO SHOW VIOLATION OF DUE PROCESS AND FAIR TRIAL UNDER U.S. CONSTITUTION:**

Respondent argued that Petitioner did not fully present her claim as a constitutional issue. Petitioner disagrees, as she clearly presented her claim as a violation of due process and a fair trial per the 5th and 14th Amendment to the U.S. Constitution on page 14 of her direct appeal and on page 5 of her appeal to the Ohio Supreme Court.

**PETITIONER'S RESPONSE:**

Excerpt from Petitioner's Ohio Supreme Court Appeal

### EXPLANATION OF WHY THIS CASE RAISES SUBSTANTIAL CONSTITUTIONAL QUESTIONS AND IS OF PUBLIC OR GREAT GENERAL INTEREST

To obtain the identity of the witness and the nature of the testimony presented during the grand jury process would be the dream of any criminal defense counsel. To date, attempts to obtain the grand jury testimony of a witness were denied unless an inconsistent statement was made by that same witness during trial. Without the benefit of the transcript in advance, defense counsel is still left unable to determine if the witness has testified inconsistently with his testimony before the Grand Jury. Establishing a particularized need for the transcript proved no easier for defense counsel. A review of the case law in Ohio outlines unsuccessful attempt after unsuccessful attempt by defense counsel to obtain the Grand Jury transcript prior to trial.

However, the First District Court of Appeals held that the Grand Jury witness list is not protected by Criminal Rule 6€. The prosecutor's disclosure of the identity of witnesses and the nature of testimony presented at the Grand Jury during its case in chief is permissible under the rule. There is simply no case law involving the existence of a prosecutor's attempts to introduce Grand Jury matters during its case in chief because the practice does not exist but for this case.

The Court's holding that the state is permitted to introduce Grand Jury matters at trial without notice to defense counsel affects every criminal defendant presumed innocent in the State of Ohio. The discovery process was developed to ensure due process and a fair trial under the Ohio Constitution and the U.S. Constitution. The Court's decision that the identity of witnesses who testify before the Grand Jury are not secret permits every defendant to obtain the witness list of the Grand Jury. Ms. Stites now urges this Court to accept jurisdiction over this case to determine whether the state is permitted at trial to identify witnesses and testimony at a Grand Jury proceeding without disclosure through the discovery process.

### ARGMENT IN SUPPORT OF PROPOSITIONS OF LAW

**Proposition of Law No. 1: The introduction of the Grand Jury witness list and nature of witness testimony by the state in its case in chief without notice to the defendant violates a defendant's right to due process and a fair trial.**

There were two Grand Jury proceedings admitted throughout the trial: (1) the 2012 Grand Jury for which Herman was not indicted and (2) the 2018 Grand Jury proceeding that prompted the trial here.

Ohio Rule of Criminal Procedure 6€ demands that the "deliberation of the grand jury and the vote of any grand juror shall not be disclosed." A prosecuting attorney can only disclose information gathered when so directed by the court preliminary to or in connection with a judicial proceeding. In Ohio, the long-standing tradition of grand jury secrecy is well pronounced in case law. *State v. Greer*, 66 Ohio St.2d 146. Typically, "[g]rand jury proceedings are secret and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy." *Greer* at 139. The grand jury's modern-day functions "as a protector of citizens against arbitrary and oppressive governmental actions." *United States v. Calandra* (1974), 414 U.S. 338, 348.

The Ohio First District held that Criminal Rule 6€ does not apply to victims in a grand jury proceeding. *State v. Stites*, 1st Dist. Hamilton Nos. C190247 and C190255 at ¶46 (Sept. 2, 2020). Additionally, the Court held that Criminal Rule 6€ did not bar the detective from listing the names of the witnesses who testified before the grand jury. *Id.* at ¶50.

Although the state listed the "2012 Grand Jury testimony of Angela Stites" in its discovery response, the defense was not given notice that the state intended to use the evidence in its case in chief. In addition to using the Grand Jury process in its case in chief, the state directly examined Angela on her testimony despite there being no basis in the Ohio Rules of Evidence to do so, for example on cross to impeach a prior inconsistent statement. Additionally, the defense was not provided with the witness list of those who testified before the Grand Jury or a transcript of their testimony. The detective's discussion of the grand jury process gave the impression to the jury that they were the second group of citizens to hear the evidence and testimony in this case.

The state used the Grand Jury proceeding as evidence that Angela aided and abetted Herman in his abuse: "She already had some success in this area when Emily disclosed in 2012 that she was not able to testify in Grand jury, but guess who did testify" Who did testify in that legal proceeding before a Grand Jury? This one right here (pointing to Angela) came in to make sure Herman See was never indicted, and never punished for the abuse that he committed on Emily." The final rebuttal argument by the state again used the grand jury testimony of 2012 as evidence that Angela was helping Herman in these acts, "Goes to grand jury and says, no, that girl lied. No, that girl said I died of cancer. She's a liar. Don't believe her." The state repeatedly told the jury that Angela never asked her daughter whether the allegation was true, but then testified against her at grand jury. "She made sure that 2012 case went away, "… "again protecting Herman."

The 2012 Grand Jury testimony and evidence was extremely prejudicial to Angela because the state used it as evidence to show that Angela was complicit in helping Herman commit these offenses. Angela was not the subject of the 2012 grand jury deliberations. Had Angela's counsel known the state would be introducing the grand jury deliberations during its case in chief, there may have been merit in the motion to sever the trial. Additionally, defense counsel was not provided with notice the state intended to introduce the witness list of both grand jury proceedings. The lack of notice prejudiced Angela's counsel's trial strategy.

As it stands, the identity of witnesses who testify before the grand jury are not secret and the Grand Jury witness list should be produced to defense counsel as a matter of course through the discovery process. Although the future of this decision presents a defense counsel's "dream come true," the admission of secret grand jury processes deprived Angela of her right to a fair trial and justice demands this be righted by this Court.

Ms. Stites respectfully requests that this Court accept jurisdiction over her appeal because it raises a substantial constitutional question of great general and public interest regarding the disclosure of Grand Jury witness lists and content to defense counsel. If the state is permitted to ambush the defense with evidence that is not obtainable through the discovery process, the constitutional rights of criminal defendants to a fair trial and due process in the State of Ohio are at jeopardy, as it violates the 5th and 14th Amendment of the U.S. Constitution. Ms. Stites requests that this Court accept jurisdiction so the issues raised herein can be fully presented and reviewed on their merits.

### Excerpt from Petitioner's Direct Appeal in Hamilton County Courts

**SIXTH ASSIGNMENT OF ERROR**
The trial court abused its discretion when it allowed the introduction of testimony surrounding the Grand Jury proceedings.

**ISSUE FOR REVIEW**
Whether the state's repeated introduction of the Grand Jury process violated Ms. Stites' right to a fair trial and due process.

There were two Grand Jury proceedings admitted throughout the trial; (1) the 2012 Grand Jury for which Herman was not indicted and (2) the Grand Jury proceeding that preempted this trial here. Counsel did object to Officer Kilby's description of the grand jury process in general, but there was testimony throughout the trial about both Grand Jury processes and not all the errors were preserved. Under Ohio Rule of Criminal Procedure, Rule 52, this

Court has the authority to address defects in the record that affect substantial rights that were not brought to the attention of the court under a plain error standard. To reverse on plain error, the court must find that (1) there was an error, (2) the error was plain, i.e. it affected the outcome of the trial. *State v. Barnes,* 94 Ohio St.3d 21, 27, 759 N.E. 2d 1240 (2002). The admission of grand jury process implicated a substantial right because it happened so frequently in the trial, it was intentionally elicited by the state and not harmless and is now impossible to examine the remaining evidence minus the grand jury issue. *State v. Harris,* 2015-Ohio-166 at ¶ 37.

Ohio Rule of Criminal Procedure 6€ demands that the "deliberation of the grand jury and the vote of any grand jury shall not be disclosed." A prosecuting attorney can only disclose information gathered when so directed by the court preliminary to or in connection with a judicial proceeding. *Id.* In Ohio, the long-standing tradition of grand jury secrecy is well pronounced in case law. *State v. Greer,* 66 Ohio St.2d 146. Typically, "[g]rand jury proceedings are secret and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy." *Greer* at 139.

*2012 Grand Jury*: The State improperly introduced the 2012 Grand Jury proceeding that did not result in an indictment. Almost every state's witness testified to facts surrounding the 2012 grand jury proceeding against Herman. Officer Kilby listed the witnesses who testified at the Grand Jury proceeding: "Lieutenant Tom Fallen, Emily's father, Bruce Meyer, and Emily. Also Emily's mother, Angela Stites." 744, 20. Officer Kilby was asked if he reviewed the Grand Jury transcript, whether Bruce's testimony then was consistent with his testimony at this trial, whether Emily was allowed to testify at the Grand Jury proceeding and his belief for the reason she had not. 745-746. Emily testified that Angela gave testimony at the 2012 grand jury hearing and then stated to the jury that the case was dismissed due to lack of physical evidence. 543, 10. Bruce Meyer testified contrary to the other witnesses that Emily took the stand at Grand Jury and then after leading by the state, said he was not 100 percent Emily testified. 481, 12. By reiterating the 2012 testimony at this trial, Officer Kilby's reference to Emily at the 2012 Grand Jury also amounted to improper bolstering of Emily's testimony.

The state crossed Angela about her testimony at the Grand Jury in 2012: "Herman had a grand jury proceeding in 2012. Emily was the victim. Emily was the victim of rape. She wasn't allowed to testify. However, you did testify; isn't that right?" 927, 22. "Are you aware now that Emily never got to speak to a grand jury?" Angela responded, "Yeah, I did not know that until this trial started." 929, 22. The state repeatedly brought up the 2012 grand jury testimony during Angela's direct examination, "you never gave the jury an opinion on whether or not the sexual abuse happened." 930, 1. Angela responded that she gave the Grand Jury the same opinion as she did now. *Id.*

The state then drove it home in closing that Angela went to the Grand Jury to protect Herman. 1204, 1. They went so far as to use the Grand Jury proceeding as evidence that Angela aided and abetted Herman in his abuse: "She already had some success in this area when Emily disclosed in 2012 that she was not able to testify in Grand Jury, but guess who did testify? Who did testify in that legal proceeding before a Grand Jury? This one right here (pointing to Angela) came in to make sure Herman See was never indicted, and never punished for the abuse that he committed on Emily." 1207, 7. The final rebuttal argument by the state again uses the grand jury testimony of 2012 as evidence that Angela was helping Herman in these acts, "Goes to grand jury and says, no that girl lied. No, that girl said I died of cancer. She's a liar. Don't believe her." 1302, 3. The state repeatedly told the jury that Angela never asked her daughter whether the allegation was true but then testified against her at grand jury. 1302, 21. "She made sure that 2012 case went away, "… "again protecting Herman." 1303, 7.

The 2012 Grand Jury testimony and evidence was extremely prejudicial to Angela because that state used it as evidence to show Angela was complicit in helping Herman commit these offenses. Angela was not the subject of the 2012 grand jury deliberations. Had Angela's counsel known the state would be introducing the grand jury deliberations throughout this trial, without the benefit of transcript because it is virtually impossible for a defendant to obtain a Grand Jury transcript, there may have been a request to sever the indictment rather than try the two cases together. Defense counsel was not provided with the evidence prior to trial. The lack of notice prejudiced Angela's counsel's trial strategy.

**2018 Grand Jury**: The testimony of Officer Kilby about the 2018 Grand Jury gave the impression to the trial jury that they were the second group of citizens to hear the evidence and testimony in this case. Kilby was asked to describe the process: "Grand Jury is another jury that civilians are requested or required to perform their jury duty on when they are notified of jury duty." 728, 16. The state in response: "Citizens like we have today?" 728, 23. Kilby testified as to the point of Grand Jury, how a case is indicted, and who attended the secret proceedings. 728 – 740. Kilby even listed a person who was present at the Grand Jury who did not testify at the trial, Colin's brother or sister. 740, 17.

There was no reason to admit this testimony, but to again drive it home for the jury that the state, its witnesses, and even a group of citizens "just like the jury" believed the credibility of the victims. The reference amount to more than just a slip of the tongue, it permeated the entire trial and amounted to improper bolstering of witness testimony, introduced other acts under 404(B) without notice, was in violation of Criminal Rule 16, and ultimately in violation of Ms. Stites' right to due process and a fair trial. U.S. Const., 5th and 14th Amendments.

### B. RESPONDENT'S AGRUMENT AGAINST HABEAS CORPUS

**Stites procedurally defaulted this claim by failing to object at trial to the testimony regarding the grand jury proceedings.**

Before turning to the merits of this claim, it must be argued that Stites conceded in her brief to the state court of appeals that this claim could only be reviewed for an abuse of discretion under the plain error standard. (State Court Record, Exhibit 8, Brief of Appellant, p 9, ECF No. 9, PageID #78).

Ohio's contemporaneous objection rule has long been established as a recognized procedural default. See *Osborne v. Ohio*, 495 U.S. 103, 124 (1990). If a recognized potential trial error is not objected to when it happens, a defendant has waived the error for review on appeal. If such a waiver occurs, the claim may only be reviewed for "plain error." *State v. Mason*, 82 Ohio St. 3d 144, 162 (1998). Plain error review is not equivalent to a review on the merits and thus does not preclude a waiver due to a procedural bar. *Weeks v. Jones*, 26 F.3d 1030, 1045 (11th Cir. 1994).

### PETITIONER'S RESPONSE:

Counsel did object to Officer Kilby's description of the grand jury process in general, but there was testimony throughout the trial about both Grand Jury processes and not all the errors were preserved. Under Ohio Rule of Criminal Procedure, Rule 52, this Court has the authority to address defects in the record that affect substantial rights that were not brought to the attention of the court under a plain error standard. To reverse on plain error, the court must find that (1) there was an error, (2) the error was plain, i.e. it affected the outcome of the trial. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E. 2d 1240 (2002). The admission of grand jury process implicated a substantial right because it happened so frequently in the trial, it was intentionally elicited by the state and not harmless and is now impossible to examine the remaining evidence minus the grand jury issue. *State v. Haris*, 2015-Ohio-166 at ¶ 37.

### C. RESPONDENT'S CLAIM REGARDING STITES'S DUE PROCESS CLAIM WITHOUT MERIT

Petitioner Angela Stites complains in her federal petition that she suffered a due process violation when the state introduced at trial evidence pertaining to grand jury proceedings in a prior case. But, as explained above, she complained to the state courts merely that the inclusion of the testimony was an "abuse of discretion" that amounted to plain error. Regardless, this evidentiary claim does not rise to a due process violation.

### PETITIONER'S RESPONSE:

There was no reason to admit this testimony, but to again drive it home for the jury that the state, its witnesses, and even a group of citizens "just like the jury" believed the credibility of the victims. The reference amount to more than just a slip of the tongue, it permeated the entire trial and amounted to improper bolstering of witness testimony, introduced other acts under 404(B) without notice, was in violation of Criminal Rule 16, and ultimately in violation of Ms. Stites' right to due process and a fair trial. U.S, Const., 5th and 14th Amendments.

**RESPONDENT'S CLAIM:** Alleged errors of state law, "especially rulings regarding the admission or exclusion of evidence," are not within the purview of a federal habeas court. *Cooper v. Sowders*, 837 F. 2d 284, 286 (6th Cir. 1988). *See also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991); *Bugh v. Mitchell*, 329 F. 3d 496, 512 (6th Cir. 2003). Only when an evidentiary ruling is of such an egregious nature that it results in a denial of fundamental fairness may it amount to a denial of due process. *Id.; Walker v. Engle, supra; Maglaya v. Wainwrite*, 515 F. 2d 265 (6th Cir.), *cert. denied* 423 U.S. 931 (1974).

[*P48] Officer Kilby's testimony that E.M. did not appear in front of the 2012 grand jury was merely cumulative of E.M.'s testimony. As to the evidence that Stites testified against E.M., *CrimR. 6E* does not protect the grand jury testimony of defendants or co-defendants from later disclosure. *See Crim.R. 16(J)(2); State v. Greer, 66 hio St.2d. 139, 150, 420 N.E.2d 982 (1981).* Moreover, the record indicates that the state notified Stites of its intent to use the 2012 grand jury testimony at trial. Thus, *CrimR. 6E* does not protect Stites's 2012 grand jury testimony from disclosure at trial.

**PETITIONER'S RESPONSE:**

Stites is not seeking protection from disclosure from grand jury testimony. The argument is that without disclosure of the testimony given by witnesses to defense counsel, defense counsel was unable to plan an adequate trial strategy, which may have included severing the trial. If the state is permitted to ambush the defense with evidence that is not obtainable through the discovery process, the constitutional rights of criminal defendants to a fair trial and due process in the State of Ohio are at jeopardy. Ms. Stites requests that this Court accept jurisdiction so the issues raised herein can be fully presented and reviewed on their merits.

**RESPONDENT'S CLAIM:**

[*50] It is not clear that *CrimR. 6E* bars Officer Kilby's discussion of the grand jury process, or that *CrimR. 6E* bars Officer Kilby from listing the names of witnesses who testified at grand jury. Moreover, Officer Kilby did not disclose the substance of any of the witnesses' testimony. Therefore, Stites has not demonstrated that Officer Kilby's testimony related to the underlying grand jury proceeding amounted to plain error. See *Crim.R. 52(B); State v. Barnes, 94 Ohio St.3d 21, 27, 759 N.E. 2d 1240 (2002).*

**PETITIONER'S RESPONSE:**

There was no reason to admit this testimony, but to again drive it home for the jury that the state, its witnesses, and even a group of citizens "just like the jury" believed the credibility of the victims. The reference amount to more than just a slip of the tongue, it permeated the entire trial and amounted to improper bolstering of witness testimony, introduced other acts under 404(B) without notice, was in violation of Criminal Rule 16, and ultimately in violation of Ms. Stites' right to due process and a fair trial. U.S, Const., 5th and 14th Amendments.

**D. PETITIONER'S REPLY REGARDING MOTIVATIONS FROM WITNESSES REGARDING ALLEGATIONS**

Up until and at the time of trial, Petitioner had several reasons to believe that the witnesses had motivation to lie about the allegation. These motivations included previous lies told by E.M. to both Stites, school, and other family member, K.S. and Stites continuous contentious relationship regarding K.S.'s daughter and Stites threat to request custody of the child, as well and the long-term hatred of Stites by S.J.S. regarding Stites "taking" See from S.J.S.'s mother causing their divorce. All of these issues occurred over the length of several years and caused many family-related problems, including but not limited to non-communication between all parties, which Stites assumed contributed to what she believed to be false allegations.

### E. PETITIONERS REPLY REGARDING QUESTION OF PLAIN ERROR VS. EXTREME MALFUNCTION OF EGREGIOUS NATURE

Perhaps the Supreme Court's most succinct recapitulation of §2254's level of deference is captured in the following passage from *Richter*, wherein it explained that federal relief meant only to correct "extreme malfunction" in the state courts:

Section 2254 (d) reflects the view that habeas corpus is a guard against extreme malfunction in the state criminal justice systems, not a substitute for ordinary error correction through appeal. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in the federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement.

**PETITIONER'S RESPONSE:**

The argument is that without disclosure of the testimony given by witnesses to defense counsel, defense counsel was unable to plan an adequate trial strategy, which may have included severing the trial. Additionally, the reference to grand jury testimony amounted to more than just a slip of the tongue, it permeated the entire trial and amounted to improper bolstering of witness testimony, introduced other acts under 404(B) without notice, was in violation of Criminal Rule 16, and ultimately in violation of Ms. Stites' right to due process and a fair trial. U.S, Const., 5th and 14th Amendments.

If the state is permitted to ambush the defense with evidence that is not obtainable through the discovery process, the constitutional rights of criminal defendants to a fair trial and due process in the State of Ohio are at jeopardy. Ms. Stites requests that this Court accept jurisdiction so the issues raised herein can be fully presented and reviewed on their merits.

### F. PETITIONERS REPLY REGARDING QUESTION OF LAW OR FACTS

Richter, 562 U.S. at 102. As the Sixth Circuit has observed, this means that even if federal court finds that it might have found the claim to be meritorious, it must refuse to issue the writ if the state court's decision was a reasonable one.

**PETITIONER'S RESPONSE:**

The state court continuously refers to the egregious errors at trial as harmless and the hearsay testimony as overwhelmingly persuasive, this is not the case. Had the discovery of testimony from both grand jury testimonies been disclosed to Petitioner's defense counsel strategies could have potentially been taken to sever both defendant's trials resulting in different findings. The U.S. Constitution, the 5th and 14th Amendments, guarantee all defendants the right to disclosure as well due process and a fair trial. Since state court is unable to address the egregious nature of these errors, the Petitioner requests that the Federal Court assume jurisdiction to correct this decision and grant Stites a retrial.

Sincerely,

*/s/ Angela M. Stites*
8-22-21

Angela M. Stites, Pro Se
Dayton Correctional Institution
4104 Germantown Pike
Dayton, OH 45417

APPENDIX 1:

## Rule 6. The Grand Jury

(E)Secrecy of proceedings and disclosure.

Deliberations of the grand jury and the vote of any grand juror shall not be disclosed. Disclosure of other matters occurring before the grand jury may be made to the prosecuting attorney for use in the performance of his duties only pursuant to this rule. A grand juror, prosecuting attorney, interpreter, court reporter, or typist who transcribes recorded testimony, may disclose other matters occurring before the grand jury, only when so directed by the court preliminary to or in connection with a judicial proceeding, or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No grand juror, officer of the court, or other person shall disclose that an indictment has been found against a person before such indictment is filed and the case docketed. The court may direct that an indictment shall be kept secret until the defendant is in custody or has been released pursuant to Rule 46. In that event the clerk shall seal the indictment, the indictment shall not be docketed by name until after the apprehension of the accused, and no person shall disclose the finding of the indictment except when necessary for the issuance of a warrant or summons. No obligation of secrecy may be imposed upon any person except in accordance with this rule.

## Rule 16. Discovery and inspection

(J)Information not subject to disclosure.

The following items are not subject to disclosure under this rule:

(1) Materials subject to the work product protection. Work product includes, but is not limited to, reports, memoranda, or other internal documents made by the prosecuting attorney or defense counsel, or their agents in connection with the investigation or prosecution or defense of the case;
(2) Transcripts of grand jury testimony, other than transcripts of the testimony of a defendant or co-defendant. Such transcripts are governed by Crim.R. 6;
(3) Materials that by law are subject to privilege, or confidentiality, or are otherwise prohibited from disclosure.

## Rule 52. Harmless error and plain error

(A)Harmless error.
Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.

(B)Plain error.
Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

### Rule 404. Character evidence not admissible to prove conduct; Exceptions; Other crimes

(B)Other crimes, wrongs or acts.
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In criminal cases, the proponent of evidence to be offered under this rule shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

### Amendment 5 Criminal actions—Provisions concerning—Due process of law and just compensation clauses.

### Amendment 14

**IV. DUE PROCESS**

Fundamental guaranty of due process is absolute and not merely relative.



Office Of The Clerk
United States District Court
Southern District of Ohio
100 East. Fifth Street, Room 103
Cincinnati, OH 45202