# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ANGELA M. STITES,

                        Petitioner,           :     Case No. 1:21-cv-224

     - vs -                               District Judge Susan J. Dlott
                                             Magistrate Judge Michael R. Merz

SHELBIE SMITH, Warden,
  Dayton Correctional Institution[1],

                                      :
               Respondent.

---

## REPORT AND RECOMMENDATIONS

---

       This habeas corpus case, brought *pro se* by Petitioner Angela Stites under 28 U.S.C. § 2254, is before the Court for decision on the merits. The relevant pleadings are the Petition (ECF No. 1), the State Court Record (ECF No. 9), the Warden's Return of Writ (ECF No. 10), and Petitioner's Reply (ECF No. 11).

       The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in this judicial district (ECF No. 12).

**Litigation History**

       On June 25, 2018, a Hamilton County Grand Jury issued a forty-one count indictment

---

[1] The Attorney General reports that Shelbie Smith as Warden of the Dayton Correctional Institution has custody of the Petitioner. The caption is therefore ordered amended as set forth here.

charging Stites and Herman See with sexual battery in violation of Ohio Revised Code § 2907.03(A), complicity to sexual battery in violation of Ohio Revised Code § 2923.03(A)(2), endangering children in violation of Ohio Revised Code § 2919.22(A), rape in violation of Ohio Revised Code § 2907.02(A)(1)(b), complicity to rape in violation of Ohio Revised Code § 2923.03(A)(2), including a sexual motivation specification and gross sexual imposition in violation of Ohio Revised Code § 2907.05(A)(Indictment, State Court Record, ECF No. 9, Exhibit 1). On Petitioner's motion two counts of endangering children were dismissed as barred by the statute of limitations. *Id.* at Ex. 3. The remaining charges were tried to a jury which found Petitioner guilty on all charges except Count 36, Complicity to Rape, and Count 40, Complicity to Sexual Battery. On March 29, 2019, Stites was ordered to serve an aggregate term of eighty-six years incarceration. *Id.* at Ex. 6.[2]

Represented by new counsel, Stites appealed to the Ohio First District Court of Appeals (Notice of Appeal, State Court Record ECF No. 9, Ex. 7). That court vacated the conviction on Count 27, reducing the sentence to seventy-six years, but otherwise affirmed. *State v. Stites*, 2020-Ohio-4281 (Ohio App. 1st Dist. Sept. 2, 2020). Still represented by her appellate counsel, Stites sought review by the Supreme Court of Ohio which declined to exercise appellate jurisdiction. *State v. Stites,* 160 Ohio St. 3d 1509 (2020).

On March 15, 2021[3], Stites filed her Petition in this Court, pleading one ground for relief:

> **Ground One:** The introduction of the Grand Jury witness list and nature of witness testimony by the State in its case in chief without notice to the Defendant violates a defendant's right to due process and a fair trial.

---

[2] See was also convicted and sentenced to four consecutive life sentences plus 221 years. State v. See, 2020-Ohio-2923 ¶ 1 (Ohio App. 1st Dist. May 13, 2020).

[3] Although the Petition was not received and docketed until March 31, 2021, Stites deposited it in the prison mail system on March 15, 2021 (See PageID 9). The earlier date counts as the filing date. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). *Towns v. United States*, 190 F.3d 468 (6th Cir. 1999).

> **Supporting Facts:** The evidence against Angela was weak but for the improperly introduced Grand Jury testimony. The 2013 and 2018 Grand Jury content tipped the scales against Angela. If the State is permitted to ambush the defense with evidence that is not obtainable through the discovery process, the constitutional rights of criminal defendants to a fair trial and due process in the State of Ohio are at jeopardy.

(Petition, ECF No. 1, PageID 7).

# Analysis

## Ground One:  Introduction of Testimony Related to Grand Jury Proceedings

In her sole ground for relief, Petitioner complains that she was denied due process of law and a fair trial when the State was permitted to introduce testimony regarding grand jury proceedings in 2012[4] and 2018 related to sexual abuse allegations in her family[5] without giving the defense prior notice of the content of that testimony and its intention to introduce it in evidence.

Stites presented a grand jury testimony claim to the First District Court of Appeals as her Sixth Assignment of Error which read: "The trial court abused its discretion when it allowed the introduction of testimony surrounding the Grand Jury proceedings."  *Id.* As Respondent argues, there was no contemporaneous objection to the testimony, so counsel argued the First District

---

[4] In 2012 Herman See was the apparent target of presentation to the grand jury, but he was not indicted then.
[5] The First District described the blended family involved as follows: "Stites developed a relationship with Herman See in 1998. At the time the two started their relationship, Stites had a daughter from a previous relationship, E.M., and See had two children from his previous relationships, a son, Robert See, and a daughter, S.J.S. Stites and See then had biological children together: two girls, K.S. and W.S., and a boy. The blended family lived together in Colerain Township and Norwood until November of 2017 when the Norwood Police Department initiated an investigation into allegations that See had been raping his daughter, K.S. K.S.'s allegations led to a broader investigation of sexual abuse by See and Stites as well. As a result of the investigation, the state indicted See and Stites [in this case] with a litany of charges regarding not only K.S., but also K.S.'s two, older half-sisters, E.M. and S.J.S. The matter proceeded to a jury trial in which See and Stites were tried together." *Stites, supra,* ¶ 2.

could consider it as a matter of plain error under Ohio R. Crim. P. 52. *Id.* The First District applied a plain error standard of review. *Stites, supra*, at ¶¶ 50-51.

Appellate counsel argued the claim entirely in terms of Ohio R. Crim. P. 6(E) which protects the secrecy of grand jury proceedings. *Id.* at PageID 78-80.  The argument seems to be that Stites was entitled to rely on that secrecy unless the prosecutor told her trial attorney in advance that he was going to elicit testimony about the grand jury proceedings in this case and in 2012 when Stites' daughter, E.M., accused Herman See of sexual abuse.

> Had Angela's counsel known the state would be introducing the grand jury deliberations throughout this trial, without the benefit of the transcript because it is virtually impossible for a defendant to obtain a Grand Jury transcript, there may have been a request to sever the indictment rather than try the two cases together. Defense counsel was not provided with the evidence prior to trial. The lack of notice prejudiced Angela's counsel's trial strategy.
>
> There was no reason to admit this testimony, but to again drive it home for the jury that the state, its witnesses, and even a group of citizens "just like the jury" believed the credibility of the victims. The references amounted to more than just a slip of the tongue, it permeated the entire trial and amounted to improper bolstering of witness testimony, introduced other acts under 404(8) without notice, was in violation of Criminal Rule 16, and ultimately in violation of Ms. Stites' right to due process and a fair trial. U.S. Const., 5th and 14th Amendments.

*Id.* at PageID 80.

The First District Court of Appeals decided this Sixth Assignment of Error as follows:

> {¶43} In Stites's sixth assignment of error, she argues that the trial court abused its discretion in admitting evidence regarding E.M.'s 2012 grand-jury proceeding, and in admitting evidence regarding the underlying grand-jury proceeding.
>
> {¶44} Crim.R. 6(E) governs grand-jury secrecy, and it provides:
>
>> Deliberations of the grand jury and the vote of any grand juror shall not be disclosed. Disclosure of other matters occurring before the grand jury may be made to the

4

prosecuting attorney for use in the performance of his duties only pursuant to this rule. A grand juror, prosecuting attorney, interpreter, court reporter, or typist who transcribes recorded testimony, may disclose other matters occurring before the grand jury, only when so directed by the court preliminary to or in connection with a judicial proceeding, or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No grand juror, officer of the court, or other person shall disclose that an indictment has been found against a person before such indictment is filed and the case docketed. The court may direct that an indictment shall be kept secret until the defendant is in custody or has been released pursuant to Rule 46. In that event the clerk shall seal the indictment, the indictment shall not be docketed by name until after the apprehension of the accused, and no person shall disclose the finding of the indictment except when necessary for the issuance of a warrant or summons. No obligation of secrecy may be imposed upon any person except in accordance with this rule.

{¶45} Stites argues that E.M.'s testimony violated Crim.R. 6(E). E.M. testified regarding how she had disclosed See's abuse in 2012, leading to a police investigation. E.M. did not testify in front of the 2012 grand jury. E.M. was told that the grand jury refused to issue an indictment against See because of "a lack of physical evidence."

{¶46} Crim.R. 6(E) does not impose any secrecy obligations on a victim in a grand-jury proceeding, except to the extent that it provides that no person can disclose that an indictment has been found until the indictment is filed and a case docketed. The rule also provides: "No obligation of secrecy may be imposed upon any person except in accordance with this rule." Therefore, E.M.'s testimony regarding the 2012 grand-jury proceeding, which had occurred years prior and did not result in an indictment, does not violate Crim.R. 6(E).

{¶47} Stites also argues that the state improperly questioned Norwood Police Officer Kilby and Stites regarding the 2012 grand-jury proceeding. Officer Kilby testified that he had reviewed the grand-jury transcript from 2012.

He noted that E.M. did not testify, but that Stites had "testified against" E.M. When the state cross-examined Stites, Stites admitted

5

that she had testified at the 2012 grand-jury proceeding, and that her testimony was the same then as it was at trial.

{¶48} Officer Kilby's testimony that E.M. did not appear in front of the 2012 grand jury was merely cumulative of E.M.'s testimony. As to the evidence that Stites testified against E.M., Crim.R. 6(E) does not protect the grand-jury testimony of defendants or codefendants from later disclosure. *See* Crim.R. 16(J)(2); *State v. Greer*, 66 Ohio St.2d 139, 150, 420 N.E.2d 982 (1981). Moreover, the record indicates that the state notified Stites of its intent to use the 2012 grand-jury testimony at trial. Thus, Crim.R. 6(E) does not protect Stites's 2012 grand-jury testimony from disclosure at trial.

{¶49} Stites further argues that the admission of evidence related to the grand-jury proceeding in the underlying case [to wit, this case] violated Crim.R. 6(E). Stites argues that the trial court erred in allowing Officer Kilby to testify in general terms as to the grand-jury process, and to list the witnesses who testified before the grand jury. Stites argues that Officer Kilby should not have been able to list a grand-jury witness whom the state did not call as a witness at trial.

{¶50} It is not clear that Crim.R. 6(E) bars Officer Kilby's discussion of the grand-jury process, or that Crim.R. 6(E) bars Officer Kilby from listing the names of witnesses who testified at grand jury. Moreover, Officer Kilby did not disclose the substance of any of the witnesses' testimony. Therefore, Stites has not demonstrated that Officer Kilby's testimony related to the underlying grand-jury proceeding amounted to plain error. *See* Crim.R. 52(B); *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002) (a party claiming plain error under Crim.R. 52(B) must show that an obvious error occurred, which affected the outcome of the trial).

{¶51} Because the admission of evidence related to the 2012 and underlying grand-jury proceedings did not violate Crim.R. 6(E) and did not otherwise amount to plain error, we overrule Stites's sixth assignment of error.

*Stites, supra.*

**Procedural Default by Failure to Object**

Respondent asserts Stites's sole Ground for Relief is barred by her failure to object to the testimony at trial. Indeed the Warden cites her admission in the brief on appeal that review could only be for plain error because of the lack of a contemporaneous objection (Return, ECF No. 10, citing Appellant's Brief, State Court Record, ECF No. 9, Ex. 8, PageID 78).

In her Reply, Stites acknowledges the lack of contemporaneous objection[6] and the consequent limitation of the Court of Appeals to plain error review (ECF No. 11, PageID 212-14).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*,

---

[6] Except for an overruled objection to Officer Kilby's general description of the grand jury process. It does not appear that Stites appealed this particular trial court ruling and its relevance in explaining the background of other testimony about the two grand jury proceedings seems evident.

456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were
> procedurally defaulted in state court—that is, claims that the state
> court denied based on an adequate and independent state procedural
> rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175
> L.Ed.2d 417 (2009).  This is an important "corollary" to the
> exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124
> S.Ct. 1847, 158 L.Ed. d 659 (2004).  "Just as in those cases in which
> a state prisoner fails to exhaust state remedies, a habeas petitioner
> who has failed to meet the State's procedural requirements for
> presenting his federal claims has deprived the state courts of an
> opportunity to address" the merits of "those claims in the first
> instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111
> S.Ct. 2546, 115 L.Ed.2d 640 [(1991)].  The procedural default
> doctrine thus advances the same comity, finality, and federalism
> interests advanced by the exhaustion doctrine.  See *McCleskey v.
> Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims

that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020),

citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a

habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786

F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*);

*Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th

Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261

F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule
> that is applicable to the petitioner's claim and that the petitioner
> failed to comply with the rule.
>                . . . .
> Second, the court must decide whether the state courts actually
> enforced the state procedural sanction, citing *County Court of Ulster*

> *County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Ohio has a relevant procedural rule which requires a contemporaneous objection to trial court error so that correction can be made before it infects a jury verdict. *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998). The Sixth Circuit has repeatedly held this is an is an adequate and independent state ground of decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012), *citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 562 U.S. 876 (2010).

An Ohio state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,*

431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle*, 271 F.3d 239 (6th Cir. 2001).

Once a respondent has satisfied the *Maupin* criteria, a habeas petitioner can avoid procedural default only by showing excusing cause and prejudice. Stites makes no argument purporting to excuse her trial attorney's failure to make a contemporaneous objection to the grand jury testimony. Accordingly the Magistrate Judge concludes Stites's sole ground for relief is procedurally defaulted and should be dismissed with prejudice on that basis.

**Procedural Default by Lack of Fair Presentation as a Constitutional Claim**

Respondent also asserts Stites's sole Ground for Relief is barred by her procedural default in failing to fairly present it to the Ohio courts as a constitutional claim (Return, ECF No. 10, PageID 203, n.3). This procedural default argument has merit. In order to preserve a constitutional claim for consideration in habeas, a defendant must first fairly present that claim to the state courts.

Stites responds "Petitioner disagrees, as she clearly presented her claim as a violation of due process and a fair trial per the 5th and 14th Amendment[s] to the U.S. Constitution on page 14 of her direct appeal and on page 5 of her appeal to the Ohio Supreme Court." (Reply, ECF No. 11, PageID 211).

**Court of Appeals Presentation**

In the body of her Brief on Appeal, Stites's counsel wrote

> **SIXTH ASSIGNMENT OF ERROR**
> The trial court abused its discretion when it allowed the introduction of testimony surrounding the Grand Jury proceedings.
>
> **ISSUE FOR REVIEW**
> Whether the state's repeated introduction of the Grand Jury process violated Ms. Stites' right to a fair trial and due process.

(State Court Record, ECF No. 9, PageID 78).  The only other reference to the United States

Constitution is at the very end of the argument on Assignment of Error Six where counsel claims

that admission of the grand jury testimony resulted "ultimately in violation of Ms. Stites' right to

due process and a fair trial. U.S. Const., 5th and 14th Amendments." *Id*. at PageID 80.  Stites cited

no federal case law at all in support of her Sixth Assignment.  *Id.* at PageID 68.

**Supreme Court of Ohio Presentation**

The Rules of Practice of the Supreme Court of Ohio require as part of an appellant's

memorandum in support of jurisdiction. "A thorough explanation of why a substantial

constitutional question is involved, why the case is of public or great general interest, or, in a

felony case, why leave to appeal should be granted." S.Ct.R.Prac. 7.02(C)(2).  To comply with this

requirement, Stites's appellate counsel wrote:

> To obtain the identity of the witnesses and the nature of the
> testimony presented during the grand jury process would be the
> dream of any criminal defense counsel. To date, attempts to obtain
> the grand jury testimony of a witness were denied unless an
> inconsistent statement was made by that same witness during trial.
> Without the benefit of the transcript in advance, defense counsel is
> still left unable to determine if the witness has testified
> inconsistently with his testimony before the Grand Jury.
> Establishing a particularized need for the transcript proves no easier
> for defense counsel. A review of the case law in Ohio outlines
> unsuccessful attempt after unsuccessful attempt by defense counsel
> to obtain the Grand Jury transcript prior to trial.
>
> However, the First District Court of Appeals held that the Grand
> Jury witness list is not protected by Criminal Rule 6(E). The
> prosecutor's disclosure of the identity of witnesses and the nature of
> testimony presented at the Grand Jury during its case in chief is
> permissible under the rule. There is simply no case law involving
> the existence of a prosecutor's attempts to introduce Grand Jury
> matters during its case in chief because the practice does not exist
> but for this case.
>
> The Court's holding that the state is permitted to introduce Grand
> Jury matters at trial without notice to defense counsel affects every

11

> criminal defendant presumed innocent in the State of Ohio. The
> discovery process was developed to ensure due process and a fair
> trial under the Ohio Constitution. The Court's decision that the
> identity of witnesses ·who testify before the Grand Jury are not
> secret permits every defendant to obtain the witness list of the Grand
> Jury. Ms. Stites now urges this Court to accept jurisdiction over this
> case to determine whether the state is permitted to identify witnesses
> and testimony at a Grand Jury proceeding without disclosure
> through the discovery process.

(Memorandum in Support of Jurisdiction, State Court Record ECF No. 9, Ex. 13, PageID 147).

Stites's sole Proposition of Law presented to the Ohio Supreme Court was "The introduction of the Grand Jury witness list and nature of witness testimony by the state in its case in chief without notice to the defendant violates a defendant's right to due process and a fair trial." *Id.* at PageID 151. Stites's sole citation to federal law in her Memorandum was to *United States v. Calandra,* 414 U.S. 338 (1974) for the proposition that the grand jury's modern-day role functions "as a protector of citizens against arbitrary and oppressive governmental action." 414 U.S. at 348.

**Standard for Fair Presentation**

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991).

A claim is fairly presented if the petitioner

> (1) relied upon federal cases employing constitutional analysis; (2)
> relied upon state cases employing federal constitutional analysis; (3)

phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law.

*Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017).

Importantly for this case, the Sixth Circuit has repeatedly held that merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

**Application**

It is clear that the First District did not believe it was confronted with a constitutional issue. It decided the Assignment of Error as it had been presented, that is, entirely in terms of what Crim. R. 6(E) prohibits.

The Magistrate Judge concludes Stites did not fairly present her sole Ground for Relief to either the First District or the Ohio Supreme Court. She presented none of the materials found sufficient in *Hand*: she cited no cases, state or federal, which employed any constitutional analysis. Her constitutional claims, such as they are, are as generalized as it is possible to be and allegations of fact are not within the mainstream of constitutional law.

The Petition should be dismissed as procedurally defaulted because Stites's claim was not fairly presented to the Ohio courts as a constitutional claim.

13

**Merits**

In the alternative, Stites's claim is without merit.

Because Stites procedurally defaulted by not fairly presenting her constitutional claim to the Ohio courts, this habeas court reviews the claim without the deference prescribed by 28 U.S.C. § 2254(d)(1). Instead, if we reach the merits, we consider *de novo* whether she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Brown v. Allen*, 344 U.S. 443 (1953).

Stites's claim is that she was constitutionally entitled to be told by the State prior to trial that it intended to introduce testimony regarding grand jury proceedings, both in this case and in a 2012 grand jury that considered allegations by Petitioner's daughter E.M. against Herman See.

Stites is not making a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), where the Supreme Court held the State has a duty to produce exculpatory evidence in a criminal case. Stites does not claim the grand jury testimony was exculpatory, but that it was so inculpatory that without it the case against her was weak (Appellant's Brief, State Court Record, ECF No. 9, Ex. 8, PageID 148). Rather, her

> argument is that without disclosure of the testimony given by witnesses to defense counsel, defense counsel was unable to plan an adequate trial strategy, which may have included severing the trial. If the state is permitted to ambush the defense with evidence that is not obtainable through the discovery process, the constitutional rights of criminal defendants to a fair trial and due process in the State of Ohio are at jeopardy.

(Reply, ECF No. 11, PageID 215). Note that this is not just a claim to identify witnesses, but to actually disclose what their testimony will be. Petitioner admits that the State's discovery response listed the "2012 Grand Jury testimony of Angela Stites" *Id.* at PageID 212. Perhaps Stites's claim is

14

that she did not remember what she had testified to in 2012 and was constitutionally entitled to a transcript to jog her memory. She also seems to be claiming a right to know pre-trial the content of the testimony of other witnesses.

"As a general proposition, '[t]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one....*" United States v. Mullins*, 22 F.3d 1365, 1371 (6th Cir. 1994), quoting *Weatherford v. Bursey,* 429 U.S. 545, 559 (1977). In particular in *Weatherford* the Supreme Court rejected the proposition that the State must reveal the names of all persons who will testify adversely. *Id.*

Throughout her pleadings, both through counsel and *pro se*, Stites has emphasized how useful it would have been to know to what the adverse witnesses would testify. But she has never cited any authority that the Constitution requires production of that information. Indeed, that would be so profound a change in our criminal justice system that her counsel confessed to the Ohio Supreme Court that "[t]o obtain the identity of the witnesses and the nature of the testimony presented during the grand jury process would be the dream of any criminal defense counsel." (Memorandum in Support of Jurisdiction, State Court Record, ECF No. 9, PageID 147). But in the same paragraph she admits "[a] review of the case law in Ohio outlines unsuccessful attempt after unsuccessful attempt by defense counsel to obtain the Grand Jury transcript prior to trial." Nor is there any federal case law known to the Magistrate Judge which suggests there is a constitutional right to such a transcript.

No doubt the information would have been useful to defense counsel. Stites suggests it could have informed a decision about whether to seek severance. But in a case where one's paramour faces multiple life sentences and one is charged with complicity, the decision to seek severance seems obvious. Why it did not happen here is unknown to the Court.

With the exception of *Brady* and its progeny, the federal courts have not recognized any

constitutional right to discovery in criminal cases. Stites's claim to such a right thus fails on the merits.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 1, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

17