

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ANGELA M. STITES,

    Petitioner,                :     Case No. 1:21-cv-224

-vs-                                     District Judge Susan J. Diott

                                          Magistrate Judge Michael R. Merz

SHELBIE SMITH, Warden,

Dayton Correctional Institution,

    Respondent,

---

## OBJECTION TO REPORT AND RECOMMENDATIONS

---

      This OBJECTION to the Court's Report and Recommendations by Petitioner Angela M. Stites under 28 U.S.C. § 2254 is submitted timely because I received the Report and Recommendation on December 11, 2021.

The system seems to punish very severely the indigent who cannot afford a counsel to file timely petitions, make logical arguments, raise applicable laws, and offer meaningful precedents which present analysis of the ground. It seems that this is really a battle of the haves and have-nots. I am being punished for not having raised the ineffective assistance of counsel argument. I had no idea of wat an appeal was much less that errors had specific names. All I knew what that I did not have a fair trial. I have been diligent in the pursuit of my rights. I did not miss any deadlines that I knew existed. I did not know about Post conviction filing, but your Report of Recommendations alerted me to it, and I realize now that I should have pursued the Ineffective Assistance of Counsel Error in State's Court. I did not. Now I am faced with a catch-22 situation.

I have to flip a coin and choose between:

1. Going forward with my single exhaustible ground and waive the possibility of every raising the Ineffective Assistance of Council ground; or
2. Waive my only single exhaustible ground and go back to State court and pray that I don't make another mistake in pursuing my Ineffective Assistance Ground.

Well considering my long sentence, it seems that the court system has given me a death sentence. I beg the court to not look at my ground as a frivolous ground because it is never frivolous to fight a wrongful conviction, mainly one that I know I am innocent of, and also knowing that my family is deeply sorry for how they have handled this case, and I know they would testify differently should I receive a new trial. Times bring maturity and clarity to the true facts. I know that they would simply do anything to have me back.

The magistrate has recommended that my Petition be dismissed with PREJUDICE. If I understand that correctly, that means I could not raise it again in a Habeas Corpus. I find that very harsh. The Magistrate is of the opinion that reasonable jurists would no disagree with his conclusion, and because of that, he also recommended that the Petition be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively FRIVOLOUS and should not be permitted to proceed in forma pauperis.

The Magistrate has no idea how much it costs to put a simple appeal together for an incarcerated person. Copies and postage are beyond the means of the indigent. To put this additional burden on the indigent is something that should never be considered.

This is really an OBJECTION TO THE DIMISSAL OF MY PETITION and A MOTION TO STAY PENDING PROCEEDING (NOT YET FILED) IN THE STATE COURT.

I ask that the Court give me 30 days to file a Post-Conviction Petition with the State Trial Court. I ask that the Court give me leave to add the Ineffective Assistance of Counsel ground.

I ask the court to consider my Petition as a Mixed Petition of 1 exhausted ground and of one unexhausted ground.

The "stay-and-abeyance" procedure is used in circumstances where:

> ... a petitioner comes to federal court with a mixed petition towards the end of the limitations period, and a dismissal of his mixed petition could result in the loss of all his claims – including those already exhausted – because the limitations period could expire during the time a petitioner returns to State court to exhaust his unexhausted claims. (Dovala v. Tim, 2013 U.S. Dist. LEXIS 133425 at 26).

In Dovala, att 24 and 25:

The basis for my second ground of the Habeas Corpus is still pending filling in Trial Court. Where the Federal District Court is confronted with a mixed petition containing unexhausted claims, the Sixth Circuit has presented a choice of four (4) options:

    (1) dismiss the mixed petition in its entirety, [Rhines v. Weber, 544 U.S. 269, 274 (2005)], 125 S.Ct. 1528, 161 L. Ed. 2d 440;

    (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted [*25] claims, id. at 275, 125 S.Ct. 1528;

    (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, id. at 278, 125 S.Ct. 1528; or

    (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2). See Rockwell v. Yukins, 217 F.3d 421, 425 (6th Cir. 2000).

The magistrate is basically recommending a modification option #4 which instead of dismissal, would be denial with prejudice. That is equivalent to a death sentence. That is very harsh!

I plead with the Court to grant me option #2.

In addition, Petitioner requests to amend her petition to include Grounds 2: Ineffective Assistance of Council

- (1) Atty. Baker's failure to request disclosure of Grand Jury transcripts as discovery,
- (2) his failure to object to the introduction of said testimony,
- (3) his failure to request severance of Stites and See's trials.
- (4) Trial counsel also failed to request and object to exculpatory evidence presented by prosecution through Journal written and obtained from Connie Stites, petitioner's mother,
- (5) failed to present testimony from K.S. psychologist per petitioners' request

- (6) present testimony from Petitioner's supervisor who was a home visiting RN with previous experience in testifying regarding child abuse as an expert witness for the courts and had extensive exposure to both defendants and victim's within their home (also requested by Petitioner).
- (7) Violation of Fifth and Sixth Amendment of U.S. Constitution; Article 1, Section 10, Ohio Constitution. (Counsel advised and compelled defendant to take the stand and incriminate herself.)
- (8) Counsels decision to not listen to recorded conversations made by Petitioner and her co-defendant to determine if they were exculpatory in nature due to his limited time available to develop her defense.
- (9) Failed to play in court video recorded interview of K.S. by Children's Services Investigator from 2012 denying allegations. (part of initial discovery)

Trial counsel performed deficiently when he failed to fully prepare for trial, failure to fully investigate the state's case against Petitioner, failed to obtain an independent forensic evaluation, failure to present expert testimony to contest the state's expert testimony, failure to fully investigate the theory presented at trial and failure to demonstrate a theory based on expert evidence and legal argument. Dovala v. Tim, 2019 U.S. Dist. LEXIS 233994, 2019 WL 10890248 (N.D. Ohio October 30, 2019) Violation of 4th, 5th, 6th Amendments of U.S. Constitution; Article 1, Sections 5, 10, 14 of Ohio Constitution. (Ineffective assistance of trial counsel).

It seems that the system is very lenient with everyone, except with Pro Se defendants. If the judge makes a mistake his is immune; If the prosecutor makes a mistake he is immune; If the lawyer makes a mistake the only consequence is to the defendant.

I am gradually learning the legal system, but that requires time and unfortunately it seems that I am learning by trial and error.

Stites' attorney of record may have been informed of the intent to use Grand Jury testimony from both 2012 and 2018 against her at trial, but the actual transcripts were not provided. Atty. Rhett Baker was not involved in the events surrounding the 2012 Grand Jury testimony and would have no idea of the testimony given by the petitioner or any other party involved.

USCS Fed Rules Crim Proc R 6 states

> (E) The court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter:
>
>> (i) preliminarily to or in connection with a judicial proceeding;

> (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury;

At no point, during discovery nor at trial were either of the Grand Jury proceeding disclosed to Atty. Baker which disabled his ability to plan an effective trial strategy.

United States, 360 U.S. 395, 399-400, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959) (recognizing a history and tradition of grand-jury secrecy "older than our Nation itself"); In re Rice, 2018-Ohio-1087, 109 N.E.3d 608, ¶ 18 (8th Dist.) ("It is critical to its functioning that the secretive nature of the work of a grand jury remain sacrosanct and inviolable. As such, that secrecy has long been 'jealously guarded' by Ohio courts."). The Ohio Supreme Court has recognized a "limited exception" allowing disclosure of grand-jury transcripts where "'the ends of justice require it and there is a showing * * * that a particularized need for disclosure exists which outweighs the need for secrecy.'" State v. Graham, 164 Ohio St. 3d 187, 2020-Ohio-6700, 172 N.E.3d 841, ¶ 25, quoting State v. Greer, 66 Ohio St.2d 139, 420 N.E.2d 982 (1981), paragraph two of the syllabus.

"A particularized need is established 'when the circumstances reveal a probability that the failure to provide the grand jury testimony will deny the [movant] a fair trial.'" Id., quoting State v. Sellards, 17 Ohio St.3d 169, 173, 17 Ohio B. 410, 478 N.E.2d 781 (1985). A particularized need for grand-jury testimony may arise when such testimony is required to impeach a witness, to refresh recollection, or to test credibility. Greer at 145, citing United States v. Procter & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958).

In Dennis [***14] v. United States (1966), 384 U.S. 855, the court held that where there is a showing of "particularized need" for disclosure, the policy to be followed by federal court judges should be to produce for the defendant all of the witnesses' grand jury testimony, rather than the trial judge reviewing such [**987] testimony to find any inconsistencies. It should be noted that the opinion in Dennis was not one pronouncing a constitutional issue, but was a determination of the procedure to be followed by federal courts where a "particularized need" is found for the production of grand jury minutes. Such a rule was not mandated upon state courts.

In 1970, the federal cycle in this regard was completed when the Jencks Act was amended so that grand jury testimony was to be treated as any other statement and was to be made available to the defendant upon discovery principles. Section 3500(e)(3), Title 18, U.S. Code.

In Ohio, the long-standing tradition of grand jury secrecy is well pronounced in case law. See State v. Rhoads (1910), 81 Ohio St. 397. However, the Court of Appeals here concluded that the defendant's right to the inspection of the grand jury transcript [***15] should be premised upon

this court's later case law as enunciated in State V. White (1968), 15 Ohio St. 2d 146. Also, the Court of Appeals adopted the position that Crim. R. 16(B)(1)(g) would mandate that the trial court make the transcript of the grand jury testimony available to the defendant upon request therefor.

Conclusion:

As stated "But in a case where one's paramour faces multiple life sentences and one is charged with complicity, the decision to seed severance seems obvious." If the magistrate admits that it was "obvious"..., then he is also admitting that my Ineffective Assistance of Counsel is not frivolous, therefore I ask the court to grant my request to amend my petition to include Ground 2, to hold in abeyance Ground 1 so I won't forfeit my right to pursue.

Again I pled with the Court for careful consideration of my grounds and requests to stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted. Thank you.

Sincerely,

*Angela M. Stites*

Angela M. Stites, Pros Se, #W103202

Dayton Correctional Institution

4104 Germantown Pike

Dayton, Ohio 45417

Date: 12-20-21

Angela Stites #103202
DCI
4104 Germantown Pike
Dayton, OH 45417



Clerk's Office of the
District Court of The United States
Southern District of Ohio
200 West Second St, Rm 712
Dayton, OH 45402