# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ANGELA M. STITES,

        Petitioner,    :    Case No. 1:21-cv-224

- vs -    District Judge Susan J. Dlott
    Magistrate Judge Michael R. Merz

SHELBIE SMITH, Warden,
  Dayton Correctional Institution,

        Respondent.    :

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Angela Stites under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 14)[1] to the Magistrate Judge's Report and Recommendations recommending that the Petition be dismissed with prejudice (ECF No. 13).

A litigant who is the subject of an adverse report from a Magistrate Judge is entitled to *de novo* review by the assigned District Judge of any portion of the report to which substantial objection is made. The Court has conducted that review and its conclusions are embodied in this Decision.

Petitioner does not dispute the accuracy of the litigation history recounted in the Report

---

[1] Petitioner's Objections were signed December 20, 2021. She claims they were timely because she only received the Report on December 11, 2021 (ECF No. 14, PageID 237). The Report was mailed to petitioner on the same day it was filed, December 1, 2021. For litigants who are served by mail, the date of service is the date of mailing, not the date of receipt. Fed.R.Civ.P. 6. Objections were therefore due to have been filed by December 18. Nevertheless, the Court will excuse the two-day delay and consider the objections on the merits.

1

which noted that Stites was convicted, along with her paramour Herman See, of multiple serious sexual crimes against her own daughter and two step-daughters. Ultimately she was sentenced to seventy-six years imprisonment. Co-defendant See was sentenced to four consecutive life sentences plus 221 years. *State v. See*, 2020-Ohio-2923 ¶ 1 (Ohio App. 1st Dist. May 13, 2020).

Stites pleaded only one ground for relief:

> **Ground One:** The introduction of the Grand Jury witness list and nature of witness testimony by the State in its case in chief without notice to the Defendant violates a defendant's right to due process and a fair trial.
>
> **Supporting Facts:** The evidence against Angela was weak but for the improperly introduced Grand Jury testimony. The 2013 and 2018 Grand Jury content tipped the scales against Angela. If the State is permitted to ambush the defense with evidence that is not obtainable through the discovery process, the constitutional rights of criminal defendants to a fair trial and due process in the State of Ohio are at jeopardy.

(Petition, ECF No. 1, PageID 7).

There was no contemporaneous objection to the testimony, so the Ohio First District Court of Appeals reviewed Petitioner's grand jury claim only for plain error. Moreover, the claim was presented to the First District solely as an abuse of discretion claim, rather than as a federal constitutional claim. The Magistrate Judge recommended dismissal of the claim with prejudice on the basis of these two procedural defaults (Report, ECF No. 13, PageID 226-29, PageID 229-32). He also found the claim to be without merit because there is no constitutional right to pre-trial discovery of adverse testimony in a criminal case and recommended dismissal on that basis. *Id.* at PageID 233-35.

Petitioner offers no rebuttal of the Report. Instead, she notes that dismissal with prejudice, which means she cannot bring another habeas corpus case, is "very harsh." (ECF No. 14, PageID 238). In the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110

Stat. 1214)(the "AEDPA"), Congress provided that a second or successive habeas corpus petition attacking the same conviction can be brought with permission of the circuit court of appeals under limited circumstances. 28 U.S.C. § 2244(d). If Petitioner meets those conditions, she would be allowed to bring a second petition.

Instead of rebutting the Magistrate Judge's analysis, Petitioner seeks to amend her Petition to add a claim of ineffective assistance of trial counsel with nine sub-claims. If the amendment were allowed, the Petition would then become a "mixed" petition with both exhausted and unexhausted claims. If the amendment is granted, she then seeks a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), to pursue those claims in a petition for post-conviction relief in the Ohio courts under Ohio Revised Code § 2953.21.

Under 28 U.S.C. § 2242, a habeas corpus petition can be amended by following the procedure prescribed in Fed.R.Civ.P. 15. The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman* standard).

In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule

3

12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Reseach Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.).

For a number of reasons, the proposed amendment would be futile.

First of all, some of the sub-claims could have been adjudicated on the appellate record and are procedurally defaulted for failure to present them to the First District.

Second, a petition for post-conviction relief to raise claims based on evidence outside the appellate record is barred by the statute of limitations applicable to that remedy. Ohio Revised Code § 2953.23 provides such a petition must be filed within 365 days of the date the record is filed on appeal. Petitioner's Brief in the First District was filed October 23, 2019, after the record on appeal was complete, so it is clear that more than a year has elapsed since the record was available. Ohio Revised Code § 2953.23 imposes a jurisdictional limit, so that the Common Pleas Court could not excuse Petitioner's delay.

Because any amendment would be futile, Petitioner's request to amend is denied. This renders her request for a stay moot.

**Conclusion**

Having reviewed Petitioner's Objections *de novo*, the Court finds they are without merit and are hereby overruled.  The Report is adopted and the Clerk is directed to enter judgment dismissing the Petition with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 6th, 2022.

S/Susan J. Dlott
Susan J. Dlott
United States District Judge
